**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ZUO JIE XIE,<br><br>                    Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                    Respondent. | No. 08-73590<br><br>Agency No. A029-904-278<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

    Zuo Jie Xie, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

factual findings, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006), and we deny the petition for review.

Xie contends he suffered past persecution and has a well-founded fear of future persecution on account of his Christian religion. Substantial evidence supports the BIA's finding that, even if Xie is a Christian and testified credibly, Xie failed to demonstrate he suffered harm rising to the level of persecution when police raided his house church gathering. *See id.* at 1019–21; *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (persecution is an "extreme concept"). Substantial evidence also supports the BIA's finding that Xie did not establish a well-founded fear of future persecution, where Xie did not provide any "credible, direct, and specific evidence" he is likely to suffer persecution, as opposed to harassment or discrimination, upon return to China. *See Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000); *see also Gu*, 454 F.3d at 1022. Accordingly, Xie's asylum claim fails.

Because Xie failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**